# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY R. QUAIR, SR., | ) Case No.: 1:14-cv-01616-BAM (PC) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION FOR |
| v. | ) PRELIMINARY INJUNCTION AND REQUEST ) TO VACATE SCREENING ORDER |
| VENTO, et al., | ) (ECF No. 16) ) |
| Defendants. | ) ORDER GRANTING PLAINTIFF EXTENSION OF ) TIME TO FILE AMENDED COMPLAINT ) |
| | ) THIRTY-DAY DEADLINE ) |

Plaintiff Sammy R. Quair, Sr. ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 16, 2014. Plaintiff consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 7.) This action concerns events that occurred while he was a pretrial detainee in the Kings County Jail.

On June 8, 2015, the Court dismissed Plaintiff's complaint with leave to amend within thirty days. (ECF No. 12.)

On June 25, 2015, Plaintiff filed the instant motion requesting a court order directing Corcoran State Prison to provide him with his legal materials. Plaintiff also requests that the Court vacate the thirty-day deadline to file his first amended complaint. (ECF No. 16, p. 2.) The Court construes Plaintiff's motion as a request for preliminary injunctive relief.

1

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 101-102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

In this instance, there is no operable complaint on file and Plaintiff has not stated a cognizable claim. However, even if Plaintiff is able to state a cognizable claim, he seeks relief from non-parties to this action. The Court therefore lacks jurisdiction to issue a preliminary injunction directed at Corcoran State Prison staff. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S.Ct. 1562, 1569 (1969).

Insofar as Plaintiff requests that the Court vacate the screening order and the related thirty-day deadline to amend his complaint, this request shall be denied. The Court will not vacate its screening order or eliminate all deadlines in this action. At this time, however, Plaintiff will be granted an additional thirty days to file any amended complaint. Thereafter, if Plaintiff requires additional time to amend his complaint, he may file a motion supported by good cause. Fed. R. Civ. P. 6(b).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a preliminary injunction, filed on June 25, 2015, is DENIED;
2. Plaintiff's request to vacate the thirty-day deadline to amend his complaint is DENIED:
3. Plaintiff is granted a thirty days (30) after service of this order to file his first amended complaint; and

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to comply with a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: **June 29, 2015**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE