**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMMY R. QUAIR, SR., | ) Case No.: 1:14-cv-01616-AWI-BAM (PC) |
| Plaintiff, | ) SCREENING ORDER DISMISSING FIRST |
| v. | ) AMENDED COMPLAINT WITH LEAVE TO |
| | ) AMEND |
| VENTO, et al., | ) |
| | ) THIRTY-DAY DEADLINE |
| Defendants. | ) |
| _____ | ) |

Plaintiff Sammy R. Quair, Sr., ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on October 16, 2014. (ECF No. 1). On June 8, 2015, the Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 12). Plaintiff's first amended complaint, filed on December 26, 2015, is currently before the Court for screening. (ECF No. 26).

## I.     Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is no longer incarcerated. However, Plaintiff's amended complaint concerns events that occurred while he was a pretrial detainee in the Kings County Jail. Plaintiff names the following defendants: (1) Commander Vento; (2) Senior Deputy Day; and (3) Kings County Board of Supervisors.

Claim One

In Claim One, Plaintiff alleges that his First Amendment right of free speech and his Fourteenth Amendment right to equal protection were violated. Specifically, Plaintiff alleges that in Exhibit A to his complaint he attempts to plead with Defendants Day and Vento regarding his need for *pro se* privileges and incentives to meet a court-ordered deadline in Case No. 2:11-cv-02294-KJN-KJN and was denied. In Exhibit D, Plaintiff alleges that both lawsuits "were injured and harmed, finally dismissed." (ECF No. 26, p. 3). Plaintiff asserts that he went to a settlement conference in which the dismissals were used against him. Plaintiff claims that this had an adverse effect on his

bargaining. It reportedly was said over and over that both cases died twice on the operating table. Plaintiff alleges that this has had an impact on Plaintiff's subconscious. Plaintiff alleges that having to be charged $350 to initiate this lawsuit to get back what was lost in five years is almost irreparable. Plaintiff claims that "[a]fter injury, harm, surgery, stitches, pain medication, psychological harm, counseling, church etc. even after recovery, nothing is ever the same." (ECF No. 26, p. 4).

<u>Claim 2</u>

In Claim Two, Plaintiff alleges a violation of his due process rights. Specifically, Plaintiff alleges that in Exhibit B to his complaint he submits another grievance in the attempt to obtain *pro se* privileges and incentives. Plaintiff did not attach the 15-page summary judgment opposition because it came out blank. Plaintiff takes Defendant Vento's reply into consideration about getting a court order. Plaintiff further alleges that in Exhibit C to his complaint Plaintiff received a court order from Magistrate Judge Kendall J. Newman, which Defendant Vento disobeyed.

Plaintiff contends that $700 was lost in both actions and another $900 was lost in the appeals court for both lawsuits. Plaintiff claims five years of printing, copies, postage, legal assistant fees and hours of stress, frustration, harassment, arguments and sleep deprivation, and he lost it all due to Kings County in contempt of court.

As relief, Plaintiff seeks monetary damages in the amount of $75,000.

**III. Deficiencies of Complaint**

Plaintiff's first amended complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief can be granted. As Plaintiff is proceeding pro se, he will granted a **final opportunity** to amend his complaint to cure the identified deficiencies. The Court provides the following pleading and legal standards that appear applicable to his claims.

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. The amended complaint lacks basic facts, including what happened, when it happened and who was involved. Plaintiff's reference to his attached exhibits is not sufficient. The Court will not sift through the exhibits in an attempt to identify a cognizable claim.

### B. Linkage Requirement

Plaintiff has failed to link Defendant Kings County Board of Supervisors to any of his claims. The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

### C. Grievances

Plaintiff appears to bring suit against Defendants Day and Vento based on the denial of his grievances. Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative review of his prisoner grievances. The existence of an inmate grievance or appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983,

4

Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on a grievance or appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

Plaintiff fails to state a cognizable claim against Defendants Day and Vento based on their responses to his inmate grievances.

### D. Access to Courts

In Claims One and Two, Plaintiff appears to assert that he was denied access to the courts by prison officials' failure to afford him pro se privileges. Plaintiff claims that this failure resulted in the dismissal of his two cases: 2:11-cv-02293-CKD and 2:11-cv-02294-KJN.

Although inmates have a fundamental constitutional right of access to the courts, Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009), to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice with respect to contemplated or existing litigation," Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012); Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

Plaintiff claims jail officials' interference resulted in dismissal of his cases, identified as 2:11-cv-02293-CKD and 2:11-cv-02294-KJN. However, a review of court records reveals that these cases have not been dismissed.[1] Rather, they have been consolidated into a single action, 2:11-cv-2293 JAM CKD P, and this consolidated action is open and active. Therefore, Plaintiff cannot state a cognizable claim for denial of access to the courts in the absence of any actual injury.

### IV. Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to state a cognizable claim. The Court will grant Plaintiff a final opportunity to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

---

[1] The Court may take judicial notice of court records in another case. United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.  The Clerk's Office shall send Plaintiff a complaint form;

2.  Plaintiff's first amended complaint is dismissed with leave to amend;

3.  Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and

4.  <u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:    **November 16, 2016**       /s/ *Barbara A. McAuliffe*

                                       UNITED STATES MAGISTRATE JUDGE