# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY R. QUAIR, SR.,<br><br>    Plaintiff,<br><br>    v.<br><br>VENTO, et al.,<br><br>    Defendants. | Case No. 1:14-cv-01616-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDERS, AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 32, 33)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**Findings and Recommendations**

**I.    Background**

Plaintiff Sammy R. Quair, Sr. ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff initiated this action on October 16, 2014. (ECF No. 1.)

On November 16, 2016, the Court issued a screening order dismissing Plaintiff's first amended complaint with leave to amend within thirty (30) days. (ECF No. 32.) The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in this action being dismissed for failure to obey a court order and for failure to state a claim. (*Id.* at 6.) Plaintiff failed to file an amended complaint or otherwise respond to the Court's order.

///

1

On January 4, 2017, the Court issued an order directing Plaintiff to show cause in writing within twenty (20) days why this action should not be dismissed for failure to state a claim, failure to obey a court order, and failure to prosecute. (ECF No. 33.) The Court expressly warned Plaintiff that the failure to comply with that order would result in this action being dismissed, with prejudice, for failure to state a claim, failure to obey a court order, and failure to prosecute. (*Id.* at 2.)

Plaintiff's response to the order to show cause was due on or before January 27, 2017. As of the date of this order, Plaintiff has not complied with or otherwise responded to the order to show cause.

**II.    Discussion**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, the action has been pending for over two years, and Plaintiff's second amended complaint is overdue. Despite multiple attempts to communicate with Plaintiff, he has been non-

responsive to the Court's orders. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-133; *Henderson*, 779 F.2d at 1424. The Court's November 16, 2016 order expressly warned Plaintiff that his failure to file a second amended complaint would result in dismissal of this action for failure to state a claim and to obey a court order. (ECF No. 32 at 6). Plaintiff also was warned of the potential for dismissal, with prejudice, by the Court's January 4, 2017 order to show cause. (ECF No. 33 at 2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

**III.     Conclusion and Recommendations**

Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be DISMISSED, with prejudice, for failure to state a claim under 28 U.S.C. § 1915A; and

3

2. This action be DISMISSED, with prejudice, for failure to obey the Court's November 16, 2016 order (ECF No. 32) and January 4, 2017 order (ECF No. 33), and for Plaintiff's failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 7, 2017**             /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE